ONE AND THREE SOUTH WILLIAM STREET BUILDING CORPORATION, Plaintiff, *v.* GARDENS CORPORATION and Others, Defendants.

Supreme Court, Queens County, March 14, 1929.

*Emery & Pyne* [*Martin W. Littleton, Robert D. Elder, Louis Millsaps* and *Warner Pyne* of counsel], for the plaintiff.

*George H. Boyce* and *George B. Hanavan,* for the defendant Gardens Corporation.

*John R. Davies,* defendant in person.

*Cuthell, Hotchkiss & Mills* [*Howard Osterhout* of counsel], for the defendant Guyon L. C. Earle.

HUMPHREY, J. Plaintiff brings this action for a judgment declaring that it has the right to erect upon the premises described in the complaint a structure known as an apartment house.

During the year 1911 a tract of land was acquired by the Sage Foundation Homes Company, and a community established by it which was given the name of Forest Hills Gardens. The parcel acquired contained about 140 acres of land. It was subdivided into lots and blocks which were given numbers. Streets, lanes and drives were laid out thereon, title to which was reserved in the seller, with the right of passage over to purchasers of plots.

An elaborate system of selling pamphlets was issued which required all purchasers of plots to submit plans for improvements to the seller, and without the approval of the seller no building or structure was permitted to be erected by any lot owner.

A declaration in great detail was filed in the county clerk's office of Queens county, which sets out the scheme and plan of the seller for the development of a highly restricted residence community.

A sales force was organized, and plots were sold, upon which more than 600 private dwellings have been erected, all of which conform to the requirements laid down by the seller.

The plaintiff is the owner of block 12 on the map on file in the county clerk's office. The seller and its successor in interest have undertaken to modify and annul the restrictions originally established by the declaration on file, so as to permit the erection of an apartment house on said block.

The defendants contest plaintiff's right and ask affirmatively that a declaratory judgment be had that such erection may not be permitted.

Among the clauses in the declaration on file invoked by the plaintiff is the following:

"*Fourteenth.* Any of the restrictions, conditions, covenants, charges and agreements herein contained, except the restrictions set forth in subdivision Third and the maintenance charges set forth in subdivision Twelfth may be annulled, waived, changed or modified by the Homes Company as to any property owned by it, and, with the consent of the then owner thereof, as to any property sold. The maintenance charges set forth in subdivision Twelfth may be terminated by the Homes Company after January 1st, 1950, with the consent of the then owners of more than one-half in area of the property shown on said map subject to such charges."

The same instrument which contains the foregoing paragraph contains the two following:

"*Seventeenth.* All of the restrictions, conditions, covenants, charges and agreements contained herein shall run with the land and continue until January 1st, 1950, and may, as then in force, be extended from that time for a period of twenty years and thereafter for successive periods of twenty years without limitation, by the assent, evidenced by appropriate agreement entitled to record, of the owners of two-thirds in area of the property shown on said map, exclusive of streets, lanes and parks, private or otherwise, and open spaces intended for the general use of the owners of property shown on said map.

"*Eighteenth.* The provisions herein contained shall bind and enure to the benefit of and be enforceable by the Homes Company or by the owner or owners of any property shown on said map, their legal representatives, heirs, successors and assigns, and failure by the Homes Company or any property owner to enforce any of such restrictions, conditions, covenants and agreements herein contained shall in no event be deemed a waiver of the right to do so thereafter."

None of the property owners, with the exception of the owners

of block 12, have consented to the annulment of the declaration set forth in paragraph 14th.

The contest hinges on whether property owners who have relied upon a filed declaration and have built their homes in accordance therewith, have the right to avail themselves of paragraph 18th, last above set forth.

The erection of such apartment house will depreciate the value of the private residences by changing the character of the use of block 12, without the right to a corresponding change in the use of any of the lands upon which private residences have been erected or which are now vacant.

The equities of the situation are all in favor of the defendants.

The legal right of plaintiff to the benefit of the annulment of restrictions relied upon depends upon whether paragraph 18th vests in the owners of the property put to uses conforming to the declaration, the right to raise their voices against the changed use of block 12. The cases which bear upon this subject (*Sohns* v. *Beavis*, 200 N. Y. 268; *Chesebro* v. *Moers*, 233 id. 75, and *McDougall* v. *Schneider*, 134 App. Div. 208) lay down the rule that if the sole right to annul is retained in the seller, he may change or annul at pleasure, but if the plot is laid out in accordance with the general scheme of development with benefits and responsibilities sold with each parcel to each individual purchaser, then those purchasers each have a vested right which the seller cannot take away from them without their consent.

Such is the situation presented in this case. The plaintiff is not entitled to a declaration that it may build an apartment house upon block 12, but defendants are entitled to a declaration that it may not do so.